**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4379

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMEL TYREE LUNSFORD, a/k/a Action, a/k/a Beaver,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:21-cr-00356-CCE-1)

Submitted:  January 30, 2024                                      Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**:  Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamel Tyree Lunsford pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a), and two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).  The district court sentenced him to a total of 201 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Lunsford's sentence is reasonable.  Lunsford has filed a pro se supplemental brief, arguing that the Government unconstitutionally delayed bringing his case and requesting credit toward his federal sentence for time served on a related state sentence.  The Government moves to dismiss Lunsford's appeal pursuant to the appellate waiver in his plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  Our review of the record, including the plea agreement and the

transcript of the Rule 11 hearing, confirms that Lunsford knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.  We therefore conclude that the waiver is valid and enforceable. Furthermore, the sentencing issues raised in the *Anders* brief and Lunsford's challenge in the pro se brief to the timeliness of his indictment fall squarely within the waiver's scope. *See United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea."); *see also United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (recognizing that right to a speedy trial is nonjurisdictional).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Lunsford's valid appellate waiver.  Indeed, Lunsford's challenge to the execution of his sentence is better raised in a 28 U.S.C. § 2241 petition.  We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver.  We deny the motion in part and otherwise affirm.

This court requires that counsel inform Lunsford, in writing, of the right to petition the Supreme Court of the United States for further review.  If Lunsford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lunsford.  We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*